Good morning, your honors. May it please the court. My name is Liza DeVries. I'm appearing on behalf of Appellant Tracy Buell. This case is about an outrageous example of a woman being degraded and humiliated in San Francisco Jail No. 9. As I was saying, this is a case about a woman being humiliated in San Francisco Jail No. 9. Not only was she punitively strip searched and placed in a safety cell for over 10 hours while menstruating without any... You're right, but that's not what the appeal is about. So why don't you go to the appellate issues. Yes, your honor. Thank you. The appellate issues relate to whether sufficient evidence was presented before the district court for her to evaluate in the context of numerous motions presented by the defendant. This is a case about diligence. The district court evaluated the diligence issues based on a false pretense. The pretense was that the plaintiff's counsel was supposed to assume that the district court would not either follow her own dispositive motion cutoff or the law. There were improper standards applied to the motions considered by this district court to begin. The defendant who brought a motion for judgment on the pleadings did so beyond the dispositive cutoff date. For this... This is true, but the law is clear that a court has the ability to manage its own documents. So that's not a fatal flaw. You're correct, your honor. However, the diligence standard is presuming that the district court would agree to change its deadlines only for one side and not for the other when the law clearly allows for the court to both have discretion to consider motions late, but also discretion not to change the law. Here, the law under Federal Rule of Civil Procedure 12c clearly requires the transformation of the analysis from a judgment on the pleadings analysis to a summary judgment Rule 56 analysis when evidence is presented. There were no allegations regarding a policy or custom practice to support a Mandel claim. You're correct, your honor. There was nothing in the complaint. That's correct, your honor. However, numerous pieces of evidence were presented to the district court to consider the judgment on the pleadings motion, which should have been transformed into a summary judgment motion, which it wasn't. Then it was granted. And in the court order... It requires the district court. The district court didn't have to look at anything else other than what was in the complaint to determine whether or not the complaint was sufficient. If the Court may allow me, Rule 12c of the Federal Rules of Civil Procedure says that if on a motion for judgment on the pleadings matters outside the pleadings are presented to and not excluded by the court, which here they were not, the court excuse me, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. It presented the district court with the additional information. The appellate and the defendant in a joint pretrial case management conference. In fact, at page ER 224, you can find the joint pretrial case management conference that was presented to the district court that included a number of agreed upon, disputed legal and factual issues that would have precluded a finding of summary judgment or precluded a finding that... My understanding of what happened here is when it got to the pretrial conference and the documents that are necessary under the local rules for the pretrial proceedings is that there was a list of pretrial motions that were going to be filed. One was a motion in limiting motions, which was to exclude all evidence supporting a Monell claim because Monell claims have not been raised. And when the district court saw that, the district court said, well, wait a minute here, there's no claim in the complaint. You know, this looks like this is dispositive of this issue. There's no Monell claim here. And so the district court, you know, I did this many times. Well, if there's no allegation in the complaint, we can narrow down this focus of the trial and we can just try the issues that need to be tried. And the district court allowed the motion to be brought to dismiss the Monell claim, to exclude all the evidence and to grant judgment on the pleadings on that basis against the county. I'm not suggesting the district court... I don't, you know, I don't see the district court, I guess, could have exercised discretion to allow an amendment if the district court wanted. There's a wide range of discretion that the district court has in managing the calendar and managing, getting the case ready for trial. By this point, as I understand the procedural posture of the case, all the discovery had been completed. Correct. The motions cutoff had been completed, except for motions relating directly to the trial, such as motions in limine. And the district court was, looked like the case was going to go to trial. The district court was, you know, trying to narrow down the issue. This broad range of discretion, and I fail to see, at least I, it looks pretty difficult here to say that, given this posture, that the district court abused its discretion. I believe the standard is de novo review for dismissing a summary judgment motion or a motion to dismiss. The standard of abusive discretion would apply for the plaintiff's two requests to move to amend her complaint. However, de novo review is applied for the other two motions. And here, Your Honor, under Rule 16e, a pretrial order that would have incorporated and considered the evidence presented could have superseded the complaint. Now, if plaintiff's counsel were to assume that the district court would not consider this evidence, but instead would only grant cause to the defendant's dispositive motion after the cutoff date and not apply these strict rules on motion to dismiss under 12b-6 when there's evidence presented to cure this complaint. In fact, this reminds me of several cases in our group. Roberts. Let me stop you for just a second. Rule 16b seems to require some kind of diligence. And here we, the district court made a finding held that your client, you and your of diligence, pointing out that counsel had two months before the deadline for filing motions established by the pretrial order. Counsel didn't seek to extend the filing or discovery deadlines. And the court concluded the decision was strategic, not as a result of anything, not the product of carelessness. And so given those circumstances, why was the district court wrong in denying the motion to amend? The district court was considering the diligence on only the motion to amend. However, the district court was not considering the appellant or the plaintiff's diligence in the motion to dismiss or the summary judgment motion. In those cases, you focus on the diligent person bringing the motion. You're trying to tie two things together that really aren't linked. And the question is whether there was diligence shown and the district court concluded that there wasn't. What mistakes did the district court make in concluding there wasn't? I mean, did you have two months before the motions deadline? We had two months before the motions deadline. Did you seek to extend the deadline at all? We did not seek to extend the deadline. We did not. What does the district court mean when the district court says your decision was knowing, not careless? Well, Your Honor, we received evidence which we promptly forwarded to the defendants under the rules FRCP 26 on December 15th after the dispositive motion cutoff date were we to believe that the diligence standard was only on our end when you have a pretrial conference which is designed to analyze whether or not amendments are appropriate. I mean, this is like a lot of cases that this Court has already evaluated. For example, in the supplemental pleading – I'm sorry, the supplemental citations I've provided you, this is not like the case of Byrd v. Guess. This is not a situation where a plaintiff went to a pretrial conference, did not present any evidence, went to trial, did not present any evidence, and then after trial had already started, asked for a 16 motion to move the dates and to amend the complaint. This is not like Sweeney v. Ada where there was a finding that there was no constitutional injury. Here we've already agreed there was a constitutional injury. Furthermore, this is not like Wilbur v. Locke because here the plaintiff and the that were the driving force behind this, nor is this one. It was all on a count that was not in the complaint. In other words, to do that at the pretrial conference without amending the complaint gets the cart way behind the horse, I think. Well, Your Honor, I only have one minute. I have a few more points to make. But, yes, I understand what you're saying. In this case, factually, I could only find one case factually that's similar to this. And it's out of the Sixth District, which is the last citation I provided you. In the case of Howard v. Kern, there the plaintiff presented evidence at the pretrial conference of the additional allegation that he wanted to present at trial. However, he was precluded through a motion in Linde from presenting that evidence at trial because the court said that the complaint did not articulate that particular allegation. On appeal, the Sixth Circuit found that at the pretrial conference it was the district court's role to evaluate whether or not it was appropriate under 16E, the rule that supersedes complaint pleadings, to take a look at the evidence and allow for that evidence to be incorporated in the presentation at trial. Thank you. Thank you. Time is up. Good morning, Your Honor. I'm Sherry Silkland-Kaiser for the City and County of San Francisco. At the threshold, I'd like to object to Ms. DeFreeze handing in, it looks like, nine additional cases on the day of oral argument, none of which appear to be decided between the time of briefing and the oral argument. It didn't really give me a chance to prepare to address those. So I'm going to set those aside for now. Under Federal Rule of Civil Procedure 12H, the court had discretion and, indeed, the city had preserved its defense of failure to state a claim because that rule allows the city to have its defense of failure to state a claim heard as late as trial. It could have brought a dispositive motion, there's no doubt about that. That it didn't did not waive its defense under Rule 12H2. For that reason, the city was proper in bringing a motion in limine that raised the failure to state a claim and asked the court to exclude the evidence related to the claim because of the defect in the complaint. That's how this all started, was with the county's announcement or informing the court that they were going to file the motion in limine. Correct. Isn't that right? That's correct. In fact, while it started at a settlement conference about a month before where the county informed the plaintiff about these defects so late in the game and the plaintiff still did nothing, didn't serve a defendant who hadn't been served, did nothing to try and amend her complaint. And a month later, when it was time for the pretrial filings, the county did as the county said it would do and raised these issues to the court, raised them in the form of motions in limine. Okay. But even if this court concludes that the county had somehow waived its defense by not bringing a timely dispositive motion before the pretrial cutoff, certainly the court had discretion to find good cause for that failure. And the court also had discretion on its own to refuse to consider a claim at trial for which there was no statement in the complaint to support it. The district court was not required simply because the county could have but did not bring a dispositive motion to engage in a time-wasting exercise of having a trial where there was no complaint in support of the claim that the plaintiff was trying to prove. And I think although it was briefed that the complaint somehow might state a claim, I think you heard counsel concede here today that it does not. This mirrors the concessions that counsel made in front of the district court, that the complaint in front of it really did not state a Monod claim. And I also would like to point out that it is true that the court had discretion to consider a late leave to amend. But in this case, the court chose not to exercise its discretion, and it had clear and rational reasons for that decision. One of the reasons was that you would be prejudiced by that. Is that right? The district court actually was aware that a finding of prejudice against the county was not required in support of its ruling and made that clear, but said in addition this late change in the posture of the case would certainly require that we push off the trial date to give the county a chance to prepare its case. So I think that what this case boils down to, frankly, is a claim that's familiar to parents all across the country of it's not fair. It's not fair that you heard her late motion and not our late motion. But I think that the facts of this case show that the plaintiff and the defendant were not identically situated. This is not a case where there really was the same situation in both cases and the court was simply arbitrary or capricious not to treat both parties identically when presented with identical facts. We were substantially differently situated. The city had Rule 12H2 to rely on. It had its properly brought motion in limine. It had explanations for why at this point in the case it was bringing these defenses. And the plaintiff had no excuse, on the other hand, for why she had failed to amend her complaint. And in any event, our conduct is irrelevant to the Rule 16 analysis of whether or not the plaintiff was diligent in amending her complaint. That's a rule stated clearly in Johnson v. Mammoth Recreation. Unless there are any questions, I'll submit. Thank you. Thank you. The matter will be submitted. Your time is up. You used your time. The matter is submitted. Thank you very much.
judges: Trott, T.G. Nelson, Paez